UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERARD MURO,<br>Plaintiff,<br>vs.<br>UBS FINANCIAL SERVICES INC.,<br>Defendant. | Civil Action No. 07-CV-6492<br>Hon. Loretta A. Preska, U.S.D.J. |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Julian W. Wells (JW-4893)
RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP
500 Fifth Avenue, Suite 4920
New York, New York 10110
(212) 302-6574

-and-

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
(973) 538-0800

Attorneys for Defendant
UBS Financial Services Inc.

Of Counsel and On the Brief:

Julian W. Wells

# TABLE OF AUTHORITIES

## CASES

Bell Atlantic Corp. v. Twombly,
--- U.S. --, 127 S. Ct. 1955 (2007) ........................................ 5

Brown v. E.F. Hutton Group, Inc.,
991 F.2d 1020 (2d Cir. 1993) ........................................ 9

Cator v. Bauman,
833 N.Y.S.2d 811 (4th Dept. 2007) ........................................ 11

Certain Underwriters at Lloyd's v. Mercer,
801 N.Y.S.2d 231, 2005 WL 841012 (N.Y. Sup. Ct. Apr. 12, 2005) .............. 7

Coleman & Co. Securities, Inc. v. Giaquinto Family Trust,
236 F. Supp.2d 288 (S.D.N.Y. 2002) ........................................ 9, 12

De Kwiatkowski v. Bear Stearns & Co.,
306 F.3d 1293 (2d Cir. 2002) ........................................ 8, 11

Dignelli v. Berman,
741 N.Y.S.2d 66 (2d Dept. 2002) ........................................ 11

Dodds v. Cigna,
12 F.3d 346 (2d Cir.), cert. denied, 511 U.S. 1019 (1994) .............................. 9

In Re Elevator Antitrust Litigation,
--- F.3d – 2007, WL 2471805 (2d Cir. Sept. 4, 2007) ...................................... 5

Fernandez v. Chertoff,
471 F.3d 45 (2d Cir. 2006) ........................................ 5

In re: Finkelstein,
233 N.Y.S.2d 174 (1st Dept.), appeal denied,
238 N.Y.S.2d 1026 (N.Y. 1963) ........................................ 13

Friedman v. Wheat First Securities, Inc.,
64 F. Supp.2d 338 (S.D.N.Y. 1999) ........................................ 5, 13

Gorbaty v. Kelly,
2003 WL 21673627 (S.D.N.Y. July 17, 2003) ........................................ 2

Hughes v. LaSalle Bank, N.A.,
419 F. Supp.2d 605 (S.D.N.Y. 2006) ........................................ 11

Iacobelli Constr., Inc. v. County of Monroe,
32 F.3d 19 (2d Cir. 1994) ........ 5

Individual Sec., Ltd. v. Ross,
152 F.3d 918, 1998 WL 385835 (2d Cir. May 11, 1998)........ 13

Iqbal v. Hasty,
490 F.3d 143 (2d Cir. 2007) ........ 5

Lampf, Pleva, Lipkind, Propis & Petigrow v. Gilbertson,
501 U.S. 350 (1991) ........ 10

Prudential Securities, Inc. v. Pesce,
168 Misc. 2d 699 (N.Y. Sup. Ct. 1996)........ 11

Rozsa v. May Davis Group, Inc.,
152 F. Supp.2d 526 (S.D.N.Y. 2001) ........ 7, 11

Seven Seventeen Corp. v. J.P. Morgan Chase,
821 N.Y.S.2d 561 (1st Dept. 2006) ........ 7

Shah v. Meeker,
435 F.3d 244 (2d Cir. 2006) ........ 10

Sira v. Morton,
380 F.3d 57 (2d Cir. 2004) ........ 7

In re: Sterling Foster & Co., Inc. Securities Litigation,
222 F. Supp.2d 222 (E.D.N.Y. 2002) ........ 1

## STATUTES

Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b) ........ 10

28 U.S.C. § 1332(a)(1) ........ 2, 5

28 U.S.C. § 1658 ........ 10

N.Y.C.P.L.R. § 213(2)........ 6

N.Y.C.P.L.R. § 214(4)........ 11

## FEDERAL RULE OF CIVIL PROCEDURE

Rule 12(b)(6) ........ 1

## NASD DISPUTE RESOLUTION RULE

Rule 10307(a) ........................................................................................................... 13, 14

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..... 1

STATEMENT OF FACTS ..... 1

LEGAL ARGUMENT ..... 5

POINT I ..... 5

STANDARD OF REVIEW ..... 5

POINT II ..... 6

EACH AND EVERY ONE OF PLAINTIFF'S CLAIMS IS TIME-BARRED ..... 6

A. Plaintiff's Failure To Transfer Claim Is Barred Under Both New York's Three-Year And Six-Year Statutes Of Limitation ..... 6

B. No Contract Existed Between The Parties During The Relevant Period ..... 7

C. Plaintiff's Unsuitability Claim Is Barred Under Federal Law Because It Seeks Recovery For Transactions Occurring More Than Three Years Before The Complaint Was Filed ..... 9

D. Plaintiff's Breach Of Fiduciary Duty Claim Is Time-Barred Under New York's Three-Year Statute Of Limitations ..... 10

E. Plaintiff's Failure To Supervise Claim Is Time-Barred Under New York's Three-Year Statute Of Limitations ..... 12

POINT III ..... 12

THE PENDENCY OF THE NASD ARBITRATION DID NOT TOLL THE APPLICABLE STATUTES OF LIMITATION ..... 12

CONCLUSION ..... 14

## PRELIMINARY STATEMENT

On July 17, 2007, plaintiff Gerard Muro ("Plaintiff") filed this action against defendant UBS Financial Services Inc. ("UBS"). All of the allegations and claims in Plaintiff's complaint relate to events and/or transactions that occurred more than six years before the complaint was filed.

As such, each and every one of Plaintiff's four causes of action, however cast, are time-barred and must be dismissed pursuant to Rule 12(b)(6). His claims of breach of fiduciary duty and failure to supervise are subject to three-year limitations periods and were filed at least four years too late. His "unsuitability" claim is governed by a three-year federal limitations period and is also four years late. Finally, his breach of contract claim with respect to the transfer of his accounts – which is nothing but a transparent and desperate attempt to take a time-barred tort claim and recast it into one with a longer limitations period – is barred even if this Court applies New York's six-year statute of limitations.

Accordingly, under Rule 12(b)(6), Plaintiff's complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

## STATEMENT OF FACTS

For the purposes of this motion to dismiss, the following facts are based solely upon the allegations contained directly in Plaintiff's complaint. In addition, reference is made, for procedural history purposes, to a prior arbitration proceeding initiated by Plaintiff before the National Association of Securities Dealers (the "NASD"). This Court may properly take judicial notice of such NASD arbitration proceedings. See, e.g., In re: Sterling Foster & Co., Inc. Securities Litigation, 222 F.

Supp.2d 222, 253-54 (E.D.N.Y. 2002) (in considering motion to dismiss, court could take judicial notice of allegations made in statement of claim filed in third party's NASD arbitration action against securities fraud defendant to establish filing and that allegations were made); Gorbaty v. Kelly, 2003 WL 21673627, at *2 (S.D.N.Y. July 17, 2003) (court may take judicial notice of AAA arbitration complaint and award and consider them in deciding motion to dismiss). (See Exhibit A attached to Declaration of Julian Wells, Esq. ("Wells Declaration"), submitted herewith.)

**A. The Parties**

Plaintiff Gerard Muro ("Plaintiff") is alleged to be a resident of New York. (Complaint, ¶ 1.)

Defendant UBS Financial Services Inc. ("UBS"), a securities brokerage firm, is alleged to be a Delaware corporation with its principal place of business in New Jersey. (Complaint, ¶ 2.)

Plaintiff predicates jurisdiction in this Court upon the alleged diversity of the parties. See 28 U.S.C. § 1332(a)(1). (Complaint, ¶ 3.)[1]

**B. The NASD Arbitration**

On February 7, 2006, Plaintiff filed a Statement of Claim with the NASD (the "NASD Arbitration"). There, Plaintiff asserted claims against UBS that are virtually identical to those that he has asserted in this action. (See Statement of Claim, attached as Exhibit B to Wells Declaration.) Plaintiff also named Merrill Lynch and Scott Grenert as respondents.

---

[1] UBS does not waive any objections and/or defenses it has or may have regarding, among other things, this Court's subject matter jurisdiction.

By agreement of the parties, the NASD Arbitration was voluntarily dismissed on or about April 19, 2007, without prejudice against UBS and with prejudice against Respondent Scott Grenert. Neither Plaintiff nor UBS claimed during the course of the NASD Arbitration that the parties were not obligated to arbitrate the dispute, or that arbitration was not the proper forum for the dispute. The NASD Arbitration Panel made no such findings in that regard. Nor was there any agreement by the parties or order of the Arbitration Panel to toll any applicable statutes of limitations. In fact, UBS expressly reserved its rights with respect to asserting in any subsequent action a defense based on the statute of limitations. (See Transcript of Proceedings, April 19, 2007, attached as Exhibit C to Wells Declaration, at 18:6-18.)

**C. The Complaint**

Plaintiff filed his complaint in this action on July 17, 2007. According to the complaint, Plaintiff maintained three brokerage accounts with Merrill Lynch in 1999. (Complaint, ¶ 6.) In or about August 1999, Plaintiff's financial advisor, Scott Grenert, left Merrill Lynch and joined UBS. (Complaint, ¶ 7.) Plaintiff alleges that, "on or about February 8, 2000, Plaintiff executed and forwarded to Grenert the forms supplied by Grenert for the transfer of his securities from Merrill Lynch to defendant, UBS." (Complaint, ¶ 13.) The holdings in Plaintiff's Merrill Lynch accounts were allegedly transferred to UBS during "a time period beginning April 15, 2000 and ending June 30, 2000." (Complaint, ¶ 14.)

Based on these events, all of which occurred more than six years before the complaint was filed, Plaintiff asserts four claims:

(i) The First Count of Plaintiff's complaint alleges that UBS committed "breach of contract" by failing to timely effect the transfer of Plaintiff's investments from Merrill Lynch to UBS, which allegedly caused Plaintiff to sustain losses because he was "dissuaded from trading or liquidating his holdings so as to take advantage of" increases in his investments in March 2000. (Complaint, ¶¶ 13, 14, 15.) No specific contract is referenced in or attached to the complaint.

(ii) The Second Count of Plaintiff's complaint alleges that UBS made unsuitable recommendations to purchase and/or hold onto unspecified technology stocks after Plaintiff's accounts were transferred to UBS, thereby committing a "breach of contract." (Complaint, ¶¶ 17, 26, 27.) Again, no specific contract is referenced in or attached to the complaint.

(iii) The Third Count of Plaintiff's complaint alleges that UBS's failure to timely transfer Plaintiff's accounts and unsuitable investment recommendations constituted a breach of fiduciary duties that UBS owed to Plaintiff. (Complaint, ¶ 35.)

(iv) The Fourth Count of Plaintiff's complaint alleges that UBS's failure to timely transfer Plaintiff's accounts and unsuitable investment recommendations constituted a breach of supervisory duties and responsibilities that UBS owed to Plaintiff. (Complaint, ¶¶ 39, 40.)

In lieu of filing an answer to the complaint, UBS hereby files this motion to dismiss.

## LEGAL ARGUMENT

## POINT I

## STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court is to accept as true all "well-pleaded" facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. See Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006).[2]

The Second Circuit has followed the new and heightened pleading standard recently enunciated by the United States Supreme Court in Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S. Ct. 1955 (2007). See Iqbal v. Hasty, 490 F.3d 143, 155 (2d Cir. 2007). In Twombly, the Supreme Court "explicitly disavowed . . . 'the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Id. (citing Twombly, 127 S. Ct. at 1968 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957))). Instead, the Second Circuit has acknowledged that, in order to survive a motion to dismiss, a complaint must set forth sufficient facts so as to make a plaintiff's claims plausible, not merely conceivable. See In Re Elevator Antitrust Litigation, --- F.3d ---, 2007 WL 2471805, at *2 (2d Cir. Sept. 4, 2007) (citing Twombly, 127 S. Ct. at 1974). (See Wells Declaration, Exhibit D).

---

[2] Plaintiff's complaint was filed pursuant to 28 U.S.C. § 1332(a)(1). (Complaint, ¶ 3.) As this is purportedly a diversity action, the law of the State of New York, including its statute of limitations and tolling principles, is the applicable law. Friedman v. Wheat First Securities, Inc., 64 F. Supp.2d 338, 344 (S.D.N.Y. 1999) (citing Iacobelli Constr., Inc. v. County of Monroe, 32 F.3d 19, 27 (2d Cir. 1994)).

## POINT II

## EACH AND EVERY ONE OF PLAINTIFF'S CLAIMS IS TIME-BARRED

### A. Plaintiff's Failure to Transfer Claim Is Barred Under Both New York's Three-Year and Six-Year Statutes of Limitation

The First Count of the complaint alleges that UBS breached a contract with Plaintiff by its alleged failure to "timely process and administer the account transfer request and forms." (Complaint, ¶ 19.) By Plaintiff's own explanation in the pleadings, this alleged failure or "breach" began on February 8, 2000 and was complete when the accounts were transferred on or about April 15, 2000. (Complaint, ¶¶ 13, 14.) Under New York law, breach of contract claims are subject to a six-year statute of limitations. See C.P.L.R. § 213(2). Therefore, any timely claim for breach of contract would have had to have been filed by no later than April 15, 2006. This action was filed over a year after that date. The First Count is, thus, plainly time-barred even if this Court accepts that this is a legitimate "breach of contract" cause of action.

Though it makes no ultimate difference for statute of limitations purposes, UBS urges the Court to reject Plaintiff's blatant mischaracterization of his claim as a breach of contract, and to see it as a transparent ploy to lengthen the applicable limitations period. This claim – that UBS negligently delayed the transfer of Plaintiff's accounts – is a garden-variety tort claim, which, under New York law, should carry a three-year limitations period. See C.P.L.R. § 214(4). Under that analysis, Plaintiff's complaint is over four years late.

**B. No Contract Existed Between The Parties During The Relevant Period**

It is apparent that the First Count cannot be a legitimate contract claim because during the alleged relevant time period (February 2000 through early April 2000), no contract whatsoever existed between the parties – much less one obligating UBS to effect the transfer of Plaintiff's accounts by a certain date or within a certain time period. Plaintiff fails to identify any specific contract upon which his First Count is predicated, nor can he.

In the absence of any existing contract, Plaintiff cannot properly assert a breach of contract claim. See Rozsa v. May Davis Group, Inc., 152 F. Supp.2d 526, 533 (S.D.N.Y. 2001) (to advance breach of contract claim, plaintiff must allege offer, acceptance, consideration, mutual assent and intent to be bound). Here, Plaintiff is essentially alleging the opposite: that UBS did not (for whatever reason) accept his offer to open an account. Where no contract is pled, as here, a breach of contract action is dismissible. Id. at 534 (granting broker-dealer's motion to dismiss implied contract claim); see also Seven Seventeen Corp. v. J.P. Morgan Chase, 821 N.Y.S.2d 561, 562 (1st Dept. 2006) (affirming dismissal of contract action alleging that amounts were not properly credited to brokerage account where plaintiff failed to specify transactions complained of and instructions with which plaintiff failed to comply).

Moreover, no contract is annexed to or quoted in the complaint. In order to be considered part of a pleading, a document must be attached to the pleading or at least referenced in the pleading. See Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004); see also Certain Underwriters at Lloyd's v. Mercer, 801 N.Y.S.2d 231 (Table), 2005 WL 841012, at *6 (N.Y. Sup. Ct. Apr. 12, 2005) (claims time-barred where "skimpy

complaint" did not provide adequate notice of transactions to be proved and did not toll statute of limitations as to claims asserted in later amended complaint). (See Wells Declaration, Exhibit E.) By failing to do so, Plaintiff has conceded that there existed no express contract between the parties that would impose obligations upon UBS with respect to the transfer of Plaintiff's accounts.[3]

Plaintiff has not pled, and cannot demonstrate the existence of, any contract between the parties at the time he allegedly provided transfer forms to UBS. Accordingly, Plaintiff's allegation that UBS mishandled the transfer of his accounts must be treated as a straightforward negligence claim, which is governed by New York's three-year statute of limitations. In order to have been timely, Plaintiff's failure to transfer claim would have had to have been filed by February 8, 2003. It is more than four years late and, thus, is time-barred.

[3] To try to avoid the fatal effects of his own lateness, Plaintiff advances two theories by which some sort of "implied contract" existed between the parties. The first theory is that UBS's alleged failure to transfer his accounts constituted "breaches of internal standards of conduct." (Complaint, ¶ 21.) Even if that were true, the Second Circuit has held that such standards, policies or rules do not provide a basis on which to assert a claim for damages against a brokerage firm. See De Kwiatkowski v. Bear Stearns & Co., 306 F.3d 1293, 1311 (2d Cir. 2002). The second theory that Plaintiff advances is that his customer agreements with UBS imposed an obligation upon UBS to timely transfer his accounts. (Complaint, ¶ 22.) Aside from the fact that Plaintiff does not cite any customer agreement that would impose any such obligation upon UBS, and, even if such provision existed, Plaintiff's complaint concedes that a customer agreement with UBS did not exist as of February 8, 2000. (Complaint, ¶ 22.)

### C. Plaintiff's Unsuitability Claim Is Barred Under Federal Law Because It Seeks Recovery For Transactions Occurring More Than Three Years Before The Complaint Was Filed

Plaintiff's Second Count alleges that UBS made unsuitable investment recommendations.[4] According to the complaint, after Plaintiff's accounts were transferred to UBS, UBS advised Plaintiff to purchase and/or hold onto certain investments that allegedly were not appropriate for Plaintiff's investment profile. (Complaint, ¶¶ 17, 26, 27.) Plaintiff fails to identify, among other things, any specific transaction or investment that he contends was unsuitable, nor does he specify any timeframe during which UBS allegedly made unsuitable recommendations – a clear violation of federal pleading requirements. See, e.g., Brown v. E.F. Hutton Group, Inc., 991 F.2d 1020, 1031 (2d Cir. 1993) (to advance an unsuitability claim, plaintiff must allege (1) material misstatements or omissions, (2) an intent to deceive or defraud, (3) in connection with the purchase or sale of security). Nonetheless, Plaintiff's unsuitability claim is time-barred under the applicable federal securities law.

The Second Circuit has recognized that unsuitability claims are "a distinct subset" of federal securities fraud claims. Dodds v. Cigna, 12 F.3d 346, 351 (2d Cir.), cert. denied, 511 U.S. 1019 (1994); accord Brown 991 F.2d at 1031 (unsuitability claims treated as a subset of ordinary federal securities fraud claims). Accordingly, "unsuitability may only be pled as a violation of anti-fraud provisions." See Coleman & Co. Securities, Inc. v. Giaquinto Family Trust, 236 F. Supp.2d 288, 302, n. 10 (S.D.N.Y. 2002).

[4] Although Plaintiff advances his suitability claim under the heading "Breach of Contract," purportedly to avail himself of a longer statute of limitations, it is clearly a federal securities fraud claim governed by the shorter, federally-imposed limitations period.

Because unsuitability can only be pled as a securities fraud claim, the timeliness of an unsuitability claim must be measured against the "one-year/three-year" limitations period set forth under § 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b). As enunciated by the United States Supreme Court in Lampf, Pleva, Lipkind, Propis & Petigrow v. Gilbertson, 501 U.S. 350, 364 (1991), such claims must be brought within one year after discovery and in no event more than three years after the disputed investment is sold.[5]

Here, the complaint was filed on July 17, 2007. Under the federal three-year rule, Plaintiff cannot challenge any securities transaction that occurred on or before July 17, 2004. Accordingly, because Plaintiff's unsuitability claim seeks recovery for losses on investments made more than three years before the complaint was filed, it must be dismissed. In fact, even if Plaintiff could successfully establish that a six-year limitations period should apply, his "contract" claim would still be time-barred.

**D. Plaintiff's Breach Of Fiduciary Duty Claim Is Time-Barred Under New York's Three-Year Statute Of Limitations**

Plaintiff's Third Count alleges that UBS breached fiduciary duties owed to Plaintiff with respect to the transfer of his accounts and the suitability of his

---

[5] The Public Company Reform and Investor Protection Act of 2002 ("Sarbanes-Oxley"), enacted on July 30, 2002, amended the "one-year/three-year" limitations period established by Lampf. Under Sarbanes-Oxley, a securities fraud claim must be brought within 2 years after the discovery of the facts constituting the violation or 5 years after such violation, whichever is earlier. 28 U.S.C. § 1658. Even if the Sarbanes-Oxley analysis were to apply here (which it does not), Plaintiff's claims would still be time-barred because they relate to transactions occurring more than six years before the Complaint was filed. See Shah v. Meeker, 435 F.3d 244, 249 (2d Cir. 2006) (Sarbanes-Oxley applies only to securities fraud claims arising on or after the effective date of July 30, 2002).

investments. Even if such a cause of action existed as a matter of law (which it does not), it is time-barred. [6]

Breach of fiduciary duty claims for monetary relief are governed by N.Y.C.P.L.R. § 214(4), which establishes a three-year statute of limitations for "an action to recover damages for an injury to property." See Hughes v. LaSalle Bank, N.A., 419 F. Supp.2d 605, 612-13 (S.D.N.Y. 2006); see also Prudential Securities, Inc. v. Pesce, 168 Misc.2d 699, 703 (N.Y. Sup. Ct. 1996) (barring breach of fiduciary duty claim in securities sales practice case under New York's three year statute of limitations); Cator v. Bauman, 833 N.Y.S.2d 811, 812 (4th Dept. 2007) (three-year limitations period applied to investor's breach of fiduciary duty claim); Dignelli v. Berman, 741 N.Y.S.2d 66, 68 (2d Dept. 2002) (reversing denial of defendants' motion to dismiss plaintiff's breach of fiduciary duty claim based on three-year statute of limitations).

Because Plaintiff's breach of fiduciary duty claim seeks monetary redress only for conduct that allegedly occurred more than three years ago, it must be dismissed. See Cator, 833 N.Y.S. 2d at 812 (dismissing investor's breach of fiduciary duty claim, which accrued at time of broker's alleged acts or omissions).

---

[6] Even if Plaintiff's breach of fiduciary duty claim were timely, there is no such cause of action under these circumstances. It is well-settled that, absent discretionary trading authority (i.e., where the broker conducts transactions in the customer's account at the broker's discretion), a broker does not owe a fiduciary duty to his customer. See Rozsa, 152 F. Supp.2d at 531; see also De Kwiatkowski, 306 F.3d at 1302 ("a nondiscretionary customer by definition keeps control over the account and has full responsibility for trading decisions"). Plaintiff does not allege that UBS exercised discretionary authority at any time with respect to any of his accounts. Accordingly, Plaintiff's breach of fiduciary duty claim should be dismissed on this ground as well.

**E. Plaintiff's Failure To Supervise Claim Is Time-Barred Under New York's Three-Year Statute Of Limitations**

Plaintiff's Fourth Count alleges that UBS breached supervisory duties and responsibilities owed to Plaintiff with respect to the transfer of his accounts and the suitability of his investments. (Complaint, ¶¶ 39, 40.) Such claims sound in negligence and are subject to New York's three-year statute of limitations. See Coleman, 236 F. Supp.2d at 302 (three-year limitations period applies to respondent superior claims based upon alleged negligent misconduct).

Any supervisory duties and responsibilities that UBS owed to Plaintiff would have necessarily arisen during the time period in which Plaintiff maintained his accounts at UBS. See id. at 302-03. Because Plaintiff's breach of supervisory duty claim seeks redress for conduct that allegedly occurred more than three years ago, it must be dismissed.

**POINT III**

**THE PENDENCY OF THE NASD ARBITRATION DID NOT TOLL THE APPLICABLE STATUTES OF LIMITATION**

UBS anticipates that Plaintiff will try to rescue at least some of his claims from untimeliness by arguing that the NASD arbitration proceeding that he initiated in February 2006 and voluntarily dismissed in April 2007 should be deemed to toll any applicable statute of limitations. Any such argument, if advanced, must fail. First, each of Plaintiff's claims was already time-barred before the arbitration was commenced. Second, even had they not been, the pendency of an arbitration does not toll New York's statute of limitations unless there has been a determination by the arbitrators that the parties were "not obligated" to arbitrate the dispute.

The Code of Arbitration Procedure ("CAP") pursuant to which Plaintiff's NASD Arbitration was filed provided that the pendency of an NASD arbitration proceeding tolls the applicable statute of limitations only where permitted by applicable law. (See former NASD Dispute Resolution CAP Rule 10307(a)). In other words, "the limitations period may only be tolled where it is expressly permitted by the applicable law." Friedman, 64 F. Supp.2d at 343, n. 4 (emphasis added) (dismissing investors' securities fraud claims on statute of limitations grounds despite prior NASD arbitration); see also Individual Sec., Ltd. v. Ross, 152 F.3d 918 (Table), 1998 WL 385835, at *2 (2d Cir. May 11, 1998). (See Wells Cert., Exhibit F.)

Here, the law of New York, including its statute of limitations and tolling principles, is the applicable law. See Friedman, 64 F. Supp.2d at 344 (citing Iacobelli, 32 F.3d at 27). Under New York law, the pendency of an arbitration may toll the statute of limitations only if there has been a determination by the arbitrators that the parties were under no obligation to submit their claim to arbitration:

> Where it shall have been determined that a party is not obligated to submit a claim to arbitration, the time which elapsed between the demand for arbitration and the final determination that there is no obligation to arbitrate is not a part of the time within which an action upon such claim must be commenced. The time within which the action must be commenced shall not be extended by this provision beyond one year after such final determination.

C.P.L.R. 204(b).

Here, there was no determination in the NASD Arbitration that arbitration was not the proper forum for Plaintiff's claims. The NASD Arbitration was voluntarily dismissed, thereby providing absolutely no basis whatsoever on which New York's statutes of limitations could be tolled. See In re: Finkelstein, 233 N.Y.S. 2d 174, 177

(1st Dept.) (general rule is that prior action or proceeding voluntarily discontinued does not toll statutes of limitation), appeal denied, 238 N.Y.S.2d 1026 (N.Y. 1963). Nor was there any tolling agreement by or between the parties.

Accordingly, there is no basis for tolling New York's statutes of limitation pursuant to NASD Dispute Resolution CAP Rule 10307(a) during the pendency of the NASD Arbitration. Such statutes of limitation have expired and the complaint should be dismissed.

## CONCLUSION

For all of the foregoing reasons, UBS respectfully requests that this Court grant UBS's motion to dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

RIKER, DANZIG, SCHERER, HYLAND
& PERRETTI LLP
Attorneys for Defendant
UBS Financial Services Inc.

By: :________s/ Julian Wells__________
Julian W. Wells (JW-4893)

DATED: September 14, 2007

Of Counsel:

Jon D. Kaplon
Director
Associate General Counsel
UBS Financial Services, Inc.
51 West 52nd Street
New York, NY 10019