UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERARD MURO,<br><br>                    Plaintiff,<br><br>- *against* -<br><br>UBS FINANCIAL SERVICES INC.<br><br>                    Defendant. | Case No. 07-CV-6492 (LAP)<br><br>**AFFIDAVIT OF<br>EDWARD F. WESTFIELD** |

STATE OF NEW YORK
                    ss.:
COUNTY OF NEW YORK

EDWARD F. WESTFIELD, being duly sworn, deposes and says:

1. I am an attorney admitted to practice in this Court. My firm represented the plaintiff, Gerard Muro, against the defendant, UBS Financial Services Inc. ("UBS"), in the arbitration proceeding before the National Association of Securities Dealers, Inc. ("NASD") entitled *Gerard Muro v. UBS Financial Services, Inc. and Scott Grenert*, Case No. 06-00612 (the "Arbitration"). I am fully familiar with the facts and circumstances therein, and I make this affidavit in opposition to UBS' motion to dismiss the complaint in this action.

2. The Arbitration was timely commenced by the filing of a Statement of Claim with the NASD on February 7, 2006, within six years after plaintiff and UBS commenced their customer-broker relationship. A copy of the Statement of Claim and plaintiff's Uniform

Submission Agreement is annexed as Exhibit B to the Moving Declaration of Julian Wells, Esq., dated September 14, 2007 ("Wells Declaration").

3. UBS' June 8, 2006 answer to the Statement of Claim asserted sixteen defenses; the "Fifteenth Defense" asserted that "[t]he claims are barred, in whole or in part, by applicable statutes of limitation." A copy of that answer is annexed hereto as Exhibit A.

4. At the hearing of the Arbitration, UBS' counsel, Jon S. Kaplan, Esq., made a motion to dismiss the Arbitration under former NASD Code of Arbitration Rule 10305(a), which provides as follows:

> At any time during the course of an arbitration, the arbitrators may, either upon their own initiative or at the request of a party, dismiss the proceeding and refer the parties to their judicial remedies, or to any dispute resolution forum agreed to by the parties, without prejudice to any claims or defenses available to any party.

In support of his motion to dismiss, Attorney Kaplan made the following argument to the Arbitration Panel:

> Under Rule 10305, the arbitration code reads at any time during the course of an arbitration, the arbitrators may either upon their own initiative or at the request of a party, dismiss the proceeding and refer the parties to their judicial remedies. It's without prejudice. *It means this claimant can go to court, bring this case, his statute of limitations arguments to the extent they're valid, would be just as valid in court because the filing of this action tolls any statute of limitation. Therefore, if February 6th, 2006 was early enough to bring this action then, it would still be good in court.*

Wells Declaration Ex. C, Transcript of Arbitration Proceedings on April 19, 2007, at 8-9 (emphasis added).

5. While the arbitration panel was deliberating that motion, the parties reached an agreement to dismiss the Arbitration pursuant to Rule 10305(a), with certain additional conditions, including the following condition recited into the record by Attorney Kaplan:

> MR. KAPLAN: The dismissal as against UBS Financial Services is without prejudice, and that brings us to point four, which is that any court action brought by Muro against UBS must be commenced within 90 days of April 19, 2007. The exclusive jurisdiction of that action, if it is brought, shall be the Southern District of New York, Federal Court, located in the Southern District of New York. In that action, if it is brought, UBS does not waive any defense based upon the statute of limitations or any other defense *that was raised in this action.*
> After the expiration of 90 days from April 19, 2007, if no action has been commenced in the Southern District of New York as set forth herein, all claims against UBS by Mr. Muro, are dismissed with prejudice.

Wells Declaration Ex. C at 18 (emphasis added).

6. Attorney Kaplan expressly agreed on the record in the Arbitration to extend the limitations period for the filing of this action until 90 days after April 19, 2007. That agreement was valid and enforceable, and this action was timely commenced. Attorney Kaplan also expressly acknowledged and represented to the arbitrators that the filing of the Arbitration tolled the running of any statute of limitation. UBS' contrary argument now borders on the frivolous. To the extent UBS may be seen to have reserved any defense concerning limitations, it was limited to the "Fifteenth Defense" that was "raised in" the Arbitration, asserting that the Arbitration itself had not been timely commenced.

7. In consenting to a dismissal of the Arbitration pursuant to former Rule 120305(a), plaintiff relied on Attorney Kaplan's agreement and representation that the filing of the Arbitration tolled any statute of limitations. It would be fundamentally unfair now to

3

permit UBS to disavow that representation and argue to the contrary. UBS should be estopped from doing so.

8. I am informed and believe that the reverse side of each statement plaintiff received from UBS contained the following legend:

> **Regulations:** These transactions are subject to the rules, regulations and customs of the exchange or market on which they are made and to any and all applicable federal, state and/or foreign statutes or regulations.

UBS PaineWebber Additional Terms and Conditions (Form RC2).

9. Copies of plaintiff's three account applications that were countersigned by representatives of defendant are annexed hereto as Exhibit B collectively.

Edward F. Westfield (EW2030)

Sworn to before me this
10th day of October, 2007.

Notary Public

EDWARD F. WESTFIELD JR.
Notary Public, State of New York
No. 02WE6073878
Qualified in Kings County
Commission Expires April 29, 2010