## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

GERARD MURO,

              Plaintiff,

        vs.

UBS FINANCIAL SERVICES INC.,

            Defendant.

Civil Action No. 07-CV-6492

Hon. Loretta A. Preska, U.S.D.J.

---

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

---

Julian W. Wells (JW-4893)
RIKER, DANZIG, SCHERER, HYLAND
& PERRETTI LLP
500 Fifth Avenue, Suite 4920
New York, New York 10110
(212) 302-6574

-and-

RIKER, DANZIG, SCHERER, HYLAND
& PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
(973) 538-0800

Attorneys for Defendant
UBS Financial Services Inc.

Of Counsel and On the Brief:

    Julian W. Wells

# TABLE OF AUTHORITIES

## CASES

Brown v. E.F. Hutton Group, Inc.,
     991 F.2d 1020 (2d Cir. 1993)...........................................................................3

Coleman & Co. Securities, Inc. v. Giaquinto Family Trust,
     236 F. Supp.2d 288 (S.D.N.Y. 2002)................................................................5

De Kwiatkowski v. Bear Stearns & Co.,
     306 F.3d 1293 (2d Cir. 2002)......................................................................4, 5

Dodds v. Cigna,
     12 F.3d 346 (2d Cir.), cert. denied, 511 U.S. 1019 (1994)...............................3

Hughes v. LaSalle Bank, N.A.,
     419 F. Supp. 2d 605 (S.D.N.Y. 2006)...............................................................4

Klock v. Lehman Brothers,
     284 F. Supp. 210 (S.D.N.Y. 1984) ...................................................................2

Lampf, Pleva, Lipkind, Propis & Petigrow v. Gilbertson,
     501 U.S. 350 (1991)..........................................................................................3

Veltri v. Building Service 32B-J Pension Fund,
     393 F.3d 318 (2d Cir. 2004)..............................................................................7

Williams v. Breslin,
     274 F. Supp. 2d 421 (S.D.N.Y. 2003)...............................................................8

## STATUTE

N.Y.C.P.L.R. § 214(4) ...............................................................................................3

## FEDERAL RULE OF CIVIL PROCEDURE

FED. R. CIV. P. 12(b)(6)........................................................................................1,2

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................1

LEGAL ARGUMENT ...........................................................................................2

    POINT I ..........................................................................................................2

        THREE YEAR STATUTES OF LIMITATION APPLY TO (AND BAR) EACH AND EVERY ONE OF PLAINTIFF'S FOUR CAUSES OF ACTION..........................................................................2

        A.    Plaintiff's Failure To Transfer Claim Is Time-Barred Under New York's Three-Year Statute Of Limitations Applicable To Tort Claims..........................................................................2

        B.    Plaintiff's Unsuitability Claim Is Time-Barred Under The Federal Three-Year Statute Of Limitations Applicable To Unsuitability Claims ..................................................................3

        C.    Plaintiff's Breach Of Fiduciary Duty Claim Is Time-Barred Under New York's Three-Year Statute Of Limitations...................4

        D.    Plaintiff's Failure To Supervise Claim Is Time-Barred Under New York's Three-Year Statute Of Limitations...................5

    POINT II .........................................................................................................6

        THE PENDENCY OF THE NASD ARBITRATION DID NOT TOLL ANY STATUTES OF LIMITATION .............................................6

    POINT III........................................................................................................8

        NO STATUTE OF LIMITATIONS WAS TOLLED DURING THE NINETY DAYS BETWEEN THE DISMISSAL OF THE ARBITRATION AND THE FILING OF THIS ACTION ..........................8

CONCLUSION .......................................................................................................10

i

## PRELIMINARY STATEMENT

On July 17, 2007, plaintiff Gerard Muro ("Plaintiff") filed this action against defendant UBS Financial Services Inc. ("UBS"). UBS has moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) because Plaintiff's claims relate to events and/or transactions that occurred more than six years before the complaint was filed. Each and every one of Plaintiff's four causes of action are subject to three-year limitations periods and were filed at least four years too late.

In fact, the only way that Plaintiff can defeat UBS's motion is by convincing the Court: (i) to apply a six-year statute of limitations to each of Plaintiff's causes of action; (ii) to toll such six-year statutes of limitation during the pendency of Plaintiff's NASD arbitration, notwithstanding the fact that there was no express agreement to do so and the law provides otherwise; and (iii) to again toll such six-year statutes of limitation during the ninety day period in which Plaintiff waited to file his complaint in this action after the NASD arbitration was dismissed.

It is undisputed that, in New York, arbitration does not toll any statute of limitations unless there is a determination that arbitration was not the proper forum for Plaintiff's claims. There was no such determination here. Nor was there any express, binding agreement between Plaintiff and UBS to toll any statute of limitations during either the pendency of the NASD arbitration or thereafter. On the contrary, UBS expressly reserved its right to move to dismiss any complaint filed by Plaintiff on statute of limitations grounds.

The predicament in which Plaintiff now finds himself is of his own doing. It was Plaintiff who chose to wait five years and 364 days before filing his arbitration

1

claim and it was Plaintiff who chose not to include a tolling provision in the parties'
agreement to dismiss the NASD arbitration.    Accordingly, under Rule 12(b)(6),
Plaintiff's complaint fails to state a claim upon which relief can be granted and should
be dismissed with prejudice.

## LEGAL ARGUMENT

### POINT I

#### THREE YEAR STATUTES OF LIMITATION APPLY TO (AND BAR) EACH AND EVERY ONE OF PLAINTIFF'S FOUR CAUSES OF ACTION

**A.    Plaintiff's Failure To Transfer Claim Is Time-Barred Under New York's Three-Year Statute Of Limitations Applicable To Tort Claims**

The First Count of the complaint alleges that UBS breached a contract
with Plaintiff as a result of UBS's alleged failure to "timely process and administer the
account transfer request and forms." (Complaint, ¶ 19.)  During the relevant time
period (February 2000 through early April 2000), however, no contract whatsoever
existed between the parties – much less one obligating UBS to effect the transfer of
Plaintiff's accounts by a certain date or within a certain time period.

Plaintiff cites Klock v. Lehman Brothers, 284 F. Supp. 210 (S.D.N.Y.
1984), in support of his contention that his customer agreements with UBS imposed an
obligation upon UBS to timely transfer his accounts, but that case only serves to
highlight why Plaintiff's case must be dismissed.  In Klock, the plaintiff was already a
customer of the defendant brokerage firm and the alleged misconduct underlying his
claims occurred during the course of his relationship with the defendant.  Id. at 212.
Here, in contrast, it is undisputed that Plaintiff was not a customer of UBS at the time

UBS allegedly failed to transfer his accounts. (Complaint, ¶¶ 13-15.) Moreover, Mr. Grenert, who had joined UBS six months prior, was not Plaintiff's broker at that time. (Id.) Accordingly, there was no contractual relationship upon which Plaintiff's failure to transfer claim can be based.

A fair reading of the complaint establishes that Plaintiff is actually alleging that UBS negligently delayed the transfer of Plaintiff's accounts. This is a garden-variety tort claim, which, under New York law, carries a three-year limitations period. See N.Y.C.P.L.R. § 214(4). Under that analysis, Plaintiff's complaint is over four years too late.

> **B.**    **Plaintiff's Unsuitability Claim Is Time-Barred Under The Federal Three-Year Statute Of Limitations Applicable To Unsuitability Claims**

Plaintiff's Second Count alleges that UBS made unsuitable investment recommendations. Although Plaintiff contends that UBS "mischaracterizes" Plaintiff's unsuitability claim, the Second Circuit has recognized that unsuitability claims are "a distinct subset" of federal securities fraud claims. Dodds v. Cigna, 12 F.3d 346, 351 (2d Cir.), cert. denied, 511 U.S. 1019 (1994); accord Brown v. E.F. Hutton Group, Inc., 991 F.2d 1020, 1031 (2d Cir. 1993). As such, unsuitability claims must be brought within one year after discovery and in no event more than three years after the disputed investment is sold. Lampf, Pleva, Lipkind, Propis & Petigrow v. Gilbertson, 501 U.S. 350, 364 (1991).

In a transparent attempt to take a time-barred tort claim and recast it into one with a longer limitations period, Plaintiff contends that some sort of "implied contract" existed between the parties based on industry standards and rules. The Second Circuit has held, however, that such standards and rules do not provide a basis

on which to assert a claim for damages against a brokerage firm. See, e.g., De Kwiatkowski v. Bear Stearns & Co., 306 F.3d 1293, 1311 (2d Cir. 2002).

Accordingly, because Plaintiff's unsuitability claim seeks recovery for losses on investments made more than three years before the complaint was filed, it must be dismissed as untimely under the federal three-year rule.

### C.    Plaintiff's Breach Of Fiduciary Duty Claim Is Time-Barred Under New York's Three-Year Statute Of Limitations

Plaintiff's Third Count alleges that UBS breached fiduciary duties owed to Plaintiff with respect to the transfer of his accounts and the suitability of his investments. Even if such a cause of action existed as a matter of law (which it does not), it is time-barred. In New York, there is a three-year statute of limitations for breach of fiduciary duty claims seeking monetary relief. N.Y.C.P.L.R. § 214(4); Hughes v. LaSalle Bank, N.A., 419 F. Supp.2d 605, 612-13 (S.D.N.Y. 2006).

Plaintiff conveniently attempts to obtain a longer limitations period by mischaracterizing his breach of fiduciary duty claim as a contract claim. This premise requires Plaintiff to show that, at the time he claims that UBS was obligated to transfer his accounts: (i) his relationship with UBS was one of customer and broker; (ii) such relationship was fiduciary in nature; and (iii) a contract existed between the parties pursuant to which such fiduciary relationship arose. Plaintiff fails on all counts.

Plaintiff admits in the complaint that his UBS accounts were not opened until April 15, 2000. (Complaint, ¶¶ 13, 14.) Accordingly, Plaintiff admittedly was not a customer of UBS at the time UBS allegedly failed to transfer his accounts and no contractual relationship, fiduciary in nature or otherwise, existed between the parties at that time.

In addition, no fiduciary relationship ever existed between UBS and Plaintiff. It is well-settled that, absent discretionary trading authority, a broker does not owe a fiduciary duty to his customer. See De Kwiatkowski, 306 F.3d at 1302 ("a nondiscretionary customer by definition keeps control over the account and has full responsibility for trading decisions"). Plaintiff does not allege that UBS exercised discretionary authority at any time with respect to his accounts.

Because Plaintiff has shown no basis to apply New York's six-year statute of limitations to his breach of fiduciary duty claim, such claim is time-barred and must be dismissed.

### D. Plaintiff's Failure To Supervise Claim Is Time-Barred Under New York's Three-Year Statute Of Limitations

Plaintiff's Fourth Count alleges that UBS breached supervisory duties and responsibilities owed to Plaintiff with respect to the transfer of his accounts and the suitability of his investments. (Complaint, ¶¶ 39, 40.) Plaintiff's unsupported attempt to recharacterize this tort claim as a contract claim lacks any merit. Rather, such claim – that UBS, as Mr. Grenert's employer, was vicariously responsible for Mr. Grenert's alleged failure to timely effect the transfer of Plaintiff's accounts and Mr. Grenert's alleged improper investment recommendations – sounds in negligence and is subject to New York's three-year statute of limitations. See Coleman & Co. Securities, Inc. v. Giaquinto Family Trust, 236 F. Supp.2d 288, 302 (S.D.N.Y. 2002) (three-year limitations period applies to respondent superior claims).

Because Plaintiff's breach of supervisory duty claim seeks redress for conduct that allegedly occurred more than three years ago, such claim is time-barred and must be dismissed.

**POINT II**

## THE PENDENCY OF THE NASD ARBITRATION DID NOT TOLL ANY STATUTES OF LIMITATION

Even if this Court were to apply New York's six-year statute of limitations, Plaintiff's claims relate to transactions and/or events occurring well over six years before the complaint was filed and are still time-barred. Recognizing this, Plaintiff has contended, without any legal support whatsoever, that the six-year statute of limitations was tolled during the pendency of his NASD arbitration case.

In New York, arbitration does not toll the statute of limitations unless there is a determination that arbitration was not the proper forum for Plaintiff's claims. See N.Y.C.P.L.R. 204(b). Plaintiff does not even attempt to establish that any such determination was made in the NASD arbitration. Accordingly, there is no legal basis for tolling New York's statutes of limitation.

The sole basis on which Plaintiff contends that the statute of limitations was tolled is that, during the arbitration, UBS's counsel orally argued, in support of UBS's motion to dismiss, that "the filing of [the NASD arbitration] tolls any statute of limitation." Aside from the fact that such colloquy would never constitute an express, binding agreement by UBS to toll the statute of limitations, UBS's motion was never considered or ruled upon by the NASD arbitration panel. Instead, before the panel had a chance to do so, the parties entered into a separate, express agreement to voluntarily dismiss the NASD arbitration.

It is the parties' express agreement, and only that express agreement, that governs the matter before the Court. That agreement was memorialized on the record and explicitly agreed to by both Plaintiff and his counsel. It did not contain any

6

provision that would toll or extend any statutes of limitation. On the contrary, UBS expressly reserved its right to re-assert its statute of limitations defense in any subsequent action brought by Plaintiff by stating that, "UBS does not waive any defense based upon the statute of limitations." (See Transcript of Proceedings, April 19, 2007, attached as Exhibit C to Declaration of Julian Wells, submitted with moving papers, at 18:15-17.)

Although Plaintiff would have this Court believe that he relied on UBS's "agreement" to toll the statute of limitations, Plaintiff's contention begs the question of why this supposedly key element was not set forth in the parties' agreement and placed on the record. As the record reflects, at no time did Plaintiff request, state or otherwise make any reference to an extension of any statute of limitations or tolling period, nor did he challenge, question or seek to clarify UBS's reservation of rights.

To the extent that Plaintiff is claiming that the applicable statutory period was equitably tolled, any such claim fails. In Veltri v. Building Service 32B-J Pension Fund, 393 F.3d 318, 322-23 (2d Cir. 2004), the Second Circuit described equitable tolling as an "extraordinary measure" and discussed the specific, limited circumstances under which the doctrine has been applied, including "where defendant induced plaintiff to file late through trickery or deception," "where plaintiff was somehow prevented from learning of her cause of action within the statutory period" and "where defendant is responsible for concealing the existence of plaintiff's cause of action." None of those specific, limited circumstances have been alleged to exist in this case.

In short, the Court must reject Plaintiff's attempts to insinuate into the parties' agreement a provision that was not agreed upon and does not exist. There is

absolutely no basis on which the statute of limitations was tolled or could be tolled. Accordingly, all of Plaintiff's claims should be dismissed even under New York's six-year statute of limitations.

**POINT III**

### NO STATUTE OF LIMITATIONS WAS TOLLED DURING THE NINETY DAYS BETWEEN THE DISMISSAL OF THE ARBITRATION AND THE FILING OF THIS ACTION

Even if this Court were to apply New York's six-year statute of limitations <u>and</u> determine that such limitations period was tolled during the pendency of the NASD arbitration, Plaintiff's claims would still be time-barred.

Plaintiff alleges that he executed and forwarded transfer forms to UBS on or about February 8, 2000, but that his accounts were not transferred until April 15, 2000. (Complaint, ¶¶ 13, 14.) Plaintiff chose to wait until February 7, 2006 – <u>one</u> <u>day</u> before the six-year statute of limitations would have expired – to file the NASD arbitration. After the NASD arbitration was dismissed on April 19, 2007, Plaintiff did not file his Complaint in this case until three months later. However, the statutory period (to the extent that it is deemed to be tolled during the 14 months during which the arbitration was pending), immediately commenced running (and expired) one more day after the NASD arbitration was dismissed. <u>See</u> <u>Williams v. Breslin</u>, 274 F. Supp.2d 421, 426 (S.D.N.Y. 2003) ("tolling  does not reset, but merely pauses the statute of limitations clock").

Plaintiff provides absolutely no basis for tolling the ninety-day period following the arbitration's dismissal. The parties' agreement does not contain any tolling provision whatsoever – much less one that would have tolled or extended any

8

and all limitations periods – until Plaintiff filed his complaint in this action.  In fact, the sole reference in the record to any statutes of limitation or limitations periods is UBS's express reservation of rights with respect to its statute of limitations defense.  Once again, Plaintiff is attempting to insinuate into the parties' agreement a provision that was not agreed upon and does not exist.

Plaintiff chose to wait five years and 364 days before filing his arbitration claim.  Plaintiff also chose not to include a tolling provision in the parties' agreement to dismiss the NASD arbitration.

Accordingly, even if the Court chooses to apply a six-year statute of limitations to any of Plaintiff's claims, those claims are still untimely and must be dismissed.

## CONCLUSION

For all of the foregoing reasons, UBS respectfully requests that this Court grant UBS's motion to dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP
Attorneys for Defendant
UBS Financial Services Inc.

By: :_____s/ Julian Wells_____
Julian W. Wells (JW-4893)

DATED:  October 27, 2007

Of Counsel:

Jon D. Kaplon
Director
Associate General Counsel
UBS Financial Services, Inc.
51 West 52nd Street
New York, NY 10019

10