```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/21/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
GERARD MURO,                        :
                                    :
                    Plaintiff,      :   07 Civ. 6492 (LAP)
                                    :
    -against-                       :   ORDER
                                    :
UBS FINANCIAL SERVICES, INC.,       :
                                    :
                    Defendant.      :
                                    :
------------------------------------x

LORETTA A. PRESKA, U.S.D.J.:

Plaintiff Gerard Muro brings this action for breach of contract and breach of fiduciary duty arising out of a transfer of his brokerage account from Merrill Lynch to Defendant UBS Financial Services, Inc. ("UBS"). UBS moves to dismiss the Complaint. For the reasons set forth below, the motion granted.

BACKGROUND[1]

As of August 1999, Plaintiff maintained three accounts managed by Scott Grenert with the Merrill Lynch firm. In August 1999, Grenert left Merrill Lynch to join UBS as Senior Vice-President of Investment. Shortly after his move, Grenert solicited Plaintiff to move his accounts from Merrill Lynch to UBS. Before agreeing to move his accounts to UBS, Plaintiff

---

[1] These facts are taken from the Complaint unless otherwise noted. See, e.g., Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991).

expressed concern to Grenert about his portfolio's being too heavily concentrated in technology-based securities. Grenert concurred with this assessment and agreed both to provide Plaintiff a plan to diversify his portfolio and to reduce his commission on any technology stocks sold in the process of diversification. On February 8, 2000, Plaintiff signed forms authorizing the transfer of his accounts, with a value at the time of $679,464. Despite the fact that Grenert had indicated that the transfer would take only a few days, the transfer was not effectuated until a time period beginning April 15 and ending June 30, 2000. According to Plaintiff, by the end of March 2000, the value of the portfolio was $716,211. By the end of the transfer process, however, the value of the portfolio dropped to $572,245.

On February 7, 2006, Plaintiff instituted an arbitration proceeding on his claims with the National Association of Securities Dealers ("NASD"). (Wells Decl., Ex. B.)[2] On April 19, 2007, UBS moved to dismiss the arbitration on a number of grounds, including that the fact that the statement of claim listed the wrong broker. (Arb. Tr. at 4-12.)[3] Instead of having the arbitrator rule on that application, however, the parties

---

[2] "Wells Decl." refers to the declaration of Julian Wells, dated September 14, 2007.

[3] "Arb. Tr." refers to Wells Decl., Ex. C, a transcript of the NASD arbitration proceedings.

agreed to dismiss the arbitration. (Arb. Tr. at 16.) The agreement entered into at the arbitration proceeding included the following provision:

> The dismissal as against UBS Financial Services is without prejudice, and that brings us to point four, which is that <u>any court action brought by Muro against UBS must be commenced within 90 days of April 19, 2007</u>. The exclusive jurisdiction of that action, if it is brought, shall be the Southern District of New York, Federal Court, located in the Southern District of New York. <u>In that action, if it is brought, UBS does not waive any defense based upon the statute of limitations or any other defense that was raised in this action</u>. After the expiration of 90 days from April 19, 2007, if no action has been commenced in the Southern District of New York as set forth herein, all claims against UBS by Mr. Muro, are dismissed with prejudice.

(Arb. Tr. at 18) (emphasis added.) Plaintiff brought the instant action on July 17, 2007.

## DISCUSSION

The only question before the Court is whether this action is barred by the applicable statute of limitations. Even assuming that Plaintiff is correct and that the six-year statute of limitations governing breach of contract claims is applicable, (see Pl.'s Mem. at 2)[4] (citing N.Y. C.P.L.R. § 213), this action is only timely if the agreement read into the record at the arbitration constituted an agreement to extend the statute of limitations by ninety days, (see Pl.'s Mem. at 11.)

---

[4] "Pl.'s Mem." refers to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss, filed on October 15, 2007.

However, the agreement entered into at the arbitration proceeding makes no mention of extending the statute of limitations period. Indeed the agreement explicitly states that Defendant would <u>not</u> waive any statute of limitations defense. (Arb. Tr. at 18.) Moreover, according to the plain language of the agreement, the ninety-day period was not an extension but a window in which the claim could be brought in court if it all, <u>subject to</u> the aforementioned statute of limitations defense. Thus it was a <u>limitation</u> on Plaintiff's rights, not an expansion of them. (Arb. Tr. at 18) ("After the expiration of 90 days from April 19, 2007, if no action has been commenced in the Southern District of New York as set forth herein, all claims against UBS by Mr. Muro, are dismissed with prejudice.") Therefore because this action was instituted outside of the six-year statute of limitations period and there was no agreement to waive the statute of limitations defense, it is dismissed.

As an alternative basis for dismissing the Complaint, there is no evidence in the record that the agreement to dismiss the arbitration proceeding was in writing. Under New York law, parties may agree to waive or extend a statute of limitations defense. <u>See</u> N.Y. Gen. Oblig. L. 17-103(1) (McKinney 2008). However, according to the statute, such an agreement must be in writing. A promise to extend the statute of limitations period has no effect unless it has been made in the manner prescribed

by the statute. N.Y. Gen. Oblig. L. § 17-103(3) (McKinney 2008) ("A promise to waive, to extend, or not to plead the statute of limitation has no effect to extend the time limited by statute for commencement of an action or proceeding for any greater time or in any other manner than that provided in this section, or unless made as provided in this section"); see <u>John J. Kassner & Co., Inc. v. City of New York</u>, 46 N.Y.2d 544, 551-52, 389 N.E.2d 99, 103 (1979) (noting (1) that Section 17-103 "requires that the agreement or promise 'to waive, to extend, or not to plead the statute of limitation' to be in writing and signed by the promisor 'after the accrual of the cause of action'" and (2) that the statute is the exclusive means of waiving or extending the time period); <u>Bayridge Air Rights, Inc., v. Blitman Const. Corp.</u>, 160 A.D.2d 589, 590, 554 N.Y.S. 2d 528, 529 (1st Dep't 1990) ("Similarly, plaintiff's written agreement with defendant Blitman, wherein the plaintiff purported to postpone the accrual of the statute of limitations period to some indefinite date in the future, did not conform with General Obligations Law § 17-103, governing agreements to extend, waive or not plead the statute of limitations, thereby rendering the parties' agreement void and unenforceable."). Therefore, even if the parties intended to agree to waive the statute of limitations period, the agreement was void for failure to comply with the requirements of N.Y. C.P.L.R. § 17-103.

Finally, it is true that New York courts will estop a defendant from pleading a statute of limitations defense when a plaintiff "was induced by fraud, misrepresentations or deception to refrain from filing a timely action." Simcuski v. Saeli, 44 N.Y.2d 442, 448-49, 377 N.E.2d 713, 716 (1978). However, as a threshold matter, there must be some showing of misconduct on the part of the defendant before a New York court will equitably estop the party from raising a statute of limitations defense. See Zoe G. v. Frederick F.G., 208 A.D.2d 675, 675, 617 N.Y.S. 2d 370, 371 (2d Dep't 1994) ("A defendant may be estopped from asserting the Statute of Limitations as a defense where he or she has wrongfully induced the plaintiff to refrain from timely commencing an action by deception, concealment, threats or other misconduct"). The agreement to dismiss the arbitration proceeding falls far short of any "fraud, misrepresentation, or deception" that would justify the invocation of the doctrine of equitable estoppel. Moreoever, Plaintiff cannot demonstrate any reasonable reliance on any alleged misrepresentations by counsel for UBS, as he must. Zumpano v. Quinn, 6 N.Y.3d 666, 674, 849 N.E.2d 926, 929 (N.Y. 2006).

Case 1:07-cv-06492-LAP    Document 12    Filed 05/21/2008    Page 7 of 7

CONCLUSION

For the aforementioned reasons, Defendant's motion to dismiss (dkt. no. 4) is GRANTED. The Clerk of the Court shall mark this action closed and all pending motions denied as moot.

SO ORDERED:

Dated:   New York, New York
         May 21, 2008

_____
LORETTA A. PRESKA, U.S.D.J.

- 7 -